UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 1:23-mj-00150-GMH |
| : | |
| TAYLOR FRANKLIN TARANTO, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental memorandum in support of its motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(2)(A) (Serious Risk of Flight). The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

### PROCEDURAL HISTORY

At the initial appearance on June 30, 2023, the government orally moved for detention pending trial pursuant to 18 U.S.C. §§ 3142(f)(2)(A) (Serious Risk of Flight). The defendant objected to the hearing on that basis. The Court overruled the objection and granted the government's request for a detention hearing. June 30, 2023 Minute Entry.

The parties appeared for a detention hearing on July 5, 2023. Prior to the hearing, the government filed a memorandum supporting its motion for detention. ECF 8. At the hearing, the government proffered several facts regarding the basis for the defendant's detention. Due to the ongoing nature of this investigation, the government has learned additional facts since the last hearing and would like to supplement the proffered information as follows:

1

- The government's detention memo discusses a video, posted on June 18, 2023, entitled "Piney Branch Elementary School J6th presentation (NOT for kids!)" Investigators have been in contact with Public Facilities for Piney Branch School and have learned that Montgomery County issued a permit to a group called "Make America Safe Again" for the use of Piney Branch School on June 18, 2023. After learning of the actions taken by that group inside of the school, Montgomery County learned that this group was in direct violation of the use agreement and has since suspended the group's access to Montgomery County facilities.

- The government received additional information related to the defendant filming at another elementary school in Washington D.C., which has now been identified as Payne Elementary. Review of the video clips shows that the defendant was filming children outside of the school who were participating in an evacuation drill. In the video, the defendant states the children are being evacuated because there is a "violent white supremacist out somewhere."

In addition to these updates, the Government would like to respond in writing to the Court's requests for legal analysis. During the hearing, the Court requested that the parties consider the following two questions:

> 1.   If the Court finds the defendant is not a serious risk of flight, can the Court detain the defendant?
>
> 2.   If there is clear and convincing evidence that the defendant is dangerous, does the Court have the authority to detain the defendant?

*See* July 5, 2023 Minute Entry. The answer to both questions is yes. The Court has the authority to detain the defendant in this case.

## **ARGUMENT**

The plain text of the Bail Reform Act enumerates a two-step process for a consideration of pretrial detention.

First, in order to hold a detention hearing, the Court must find that one of several enumerated circumstances exist; in this case, the Court must find that the case involves a serious risk that the defendant will flee. *See* 18 U.S.C. § 3142(f)(2)(A). On June 30, 2023, Judge Harvey granted the government's motion for a detention hearing. This step of the analysis is therefore complete and is not the subject of this Court's inquiry for detention purposes.

Second, once a determination has been made that there is an appropriate basis to have a detention hearing, the Court must then hold a hearing and upon a determination that " no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). Regardless of the basis for detention, the Bail Reform Act's plain language does not limit the Court's consideration of the appropriate factors under § 3142(g). To the contrary, § 3142(g) directs that judges "shall" consider the "available information concerning" the enumerated factors. Under this analysis, this Court may and should consider "the nature and seriousness of the danger [the defendant poses] to any person or the community," 18 U.S.C. § 3142(g)(4), and shall detain the defendant if "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

The parties are before the Court on the second step of this two-part process. Therefore, the Court should look to the factors provided for under 18 U.S.C. §§ 3142(g) and 3142(e) to analyze pretrial detention.

## ANALYSIS OF LEGAL AUTHORITY

Both the Court and the parties have raised several legal authorities regarding whether the Court may consider dangerousness when the detention hearing was granted under §3142(f)(2)(A). The following is an analysis of the cases cited by the Court as well as additional existing authority.

### I. The Chief Judge Agreed with the Two-Step Approach and Rejected the Approach in *United States v. Himler*.

During the hearing, this Court asked the parties to address the out-of-circuit, non-binding decision in *United States v. Himler*, 797 F.2d 156 (3rd Cir. 1986), which held that the district court should not consider a defendant's dangerousness to the community when detention is based on § 3142(f)(2)(A) risk of flight. *Id*. at 162. *See also United States v. Ploof,* 851 F.2d 7 (1st Cir. 1988) (holding that the Bail Reform Act does not authorize pretrial detention upon proof of danger other than for those offenses which would support a motion for detention). The D.C. District Courts, including Chief Judge Boasberg, have not adopted this approach.

Several district court judges, in both the January 6 and non-January 6 context, have agreed with the two-step approach for detention under § 3142(f)(2). In *United States v. Curzio*, 21-cr-041[1], Judge Nichols analyzed this issue in the context of January 6 case. In his ruling, Judge Nichols expressly stated that the plain text of § 3142 does not limit the Court's consideration of dangerousness when the motion for detention is based on 3142(f)(2).

> The plain language of Section 3142(f) pertains only to what triggers the requirement that a detention hearing be held. It does not dictate what a court must consider during that detention hearing. Instead those restrictions are provided by Section 3142(g), which tasks the Court with determining "whether there are conditions of release that will reasonably assure the appearance of the person as required in the safety of any other person in the community." Section 3142(g) contains no language limiting the consideration of those factors to hearings held only under subsection (f)(1), subsection (f)(2) or vice

---

[1] A transcript of the ruling is attached as Government's Exhibit 1.

4

versa.

Gov't Ex. 1, at 26.

Likewise, the current Chief Judge favors the two-step approach. In *United States v. Hamlin*, 23-CR-00195,[2] the Chief Judge expressly agreed with Judge Nichols' decision in *Curzio* and rejected *Himler*:

> And I will just say alternatively that I don't agree with the Third Circuit's and First Circuit's approach, that I actually find that Judge Nichols's analysis in *Curzio*, C-U-R-Z-I-O, which is No. 21-41, and the Tenth Circuit decision in *Plata*, P-L-A-T-A, *Hernandez*, the 2019 case, and Judge Hogan's decision in *Karni*, K-A-R-N-I, 298 F.Supp.2d 129, all favor using dangerousness in the analysis, and I agree with those cases. And so, therefore, I would consider dangerousness.

Gov't Ex. 2, at 20.

The Chief Judge's decision in *Hamlin* thus informs this Court's analysis here. The Court can therefore consider dangerousness because Judge Harvey already found a serious risk of flight and scheduled a detention hearing. In turn, the Court should consider all four § 3142(g) factors, including dangerousness.

**II. The Court May Freely Consider Dangerousness at this Stage of the Proceeding.**

The Court requested the government look to the decision in *United States v. Mullins*, 21-mj-233, which was decided by former Chief Judge Howell on March 2, 2021.[3] The *Mullins* decision, however, supports the government's argument in this case, and it does not prohibit the Court from detaining the defendant on the basis of dangerousness.

The *Mullins* decision is limited to step one of the two-step analysis described above. It

---

[2] A transcript of the ruling is attached as Government's Exhibit 2.
[3] A transcript of the Court's ruling in that case is attached as Government Exhibit 3.

5

specifically dealt with the basis for the request for detention under 18 U.S.C. § 3142(f). In *Mullins*, the government requested a detention hearing citing the defendant's risk of flight under 18 U.S.C. § 3142(f)(2)(A). *See* Gov't Ex. 3, at 24 (noting that the United States did not request detention under the provisions of Section 3142(f)(1)). Although entitled to do so, the government did not request detention under 18 U.S.C. § 3142(f)(1), and the Court began the detention hearing by making this distinction clear.

> The government's relied solely . . . on 3142(f)(2), risk of flight or obstruction for the detention hearing here, and for detention at all . . . I can't invoke *sua sponte* the grounds listed under 3142(f)(1) which would include a crime of violence to trigger a detention hearing or detention at all, only the government can move for detention on those grounds.

Gov't Ex. 3, at 6–7. It appears from the transcript that the Court did not believe the government relied on the proper basis for requesting a detention hearing under 3142(f), and believed that because of this error, the government was not entitled to a detention hearing at all:

> [A]s the D.C. Circuit held in *U.S. v. Singleton*: In order to detain the defendant pending trial, first, a judicial officer must find one of the six circumstances triggering a detention hearing; that is a circumstance listed in 3142(f), and that absent one of these circumstances detention is not an option.

*Id.* (citing *United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999)). The Court's entire analysis thus focused on step-one of the two-step process. Because the government did not move for a detention hearing under the appropriate basis, and because the Court was unable to *sua sponte* raise the appropriate basis, the Court was unwilling to reach step two – the 3142(g) analysis. "If the government had moved under 3142(f)(1), relying on the defendant's being charged with a crime of violence . . . and his dangerousness to the community, pretrial detention would likely be warranted; but only the government can so move and the government has not so moved." Gov't Ex. 3, at 24. Because the government failed to move for detention under the appropriate basis, and

6

because the Court could not establish the appropriate basis *sua sponte*, the *Mullins* Court explained that it was not entitled to reach the factors set forth in 3142(g). *Id*. at 22.

Here, however, *Mullins* is inapplicable. Judge Harvey appropriately granted the government's initial motion under the correct provision. Accordingly, the Court's second analysis should include the factors set forth in § 3142(g) and its decision should be guided by §3142(e).

### III. The D.C. Circuit's Reasoning in *Singleton* Forms the Basis of the Two-Step Approach.

There is no binding authority which prevents this Court from considering dangerousness under § 3142(g) and detaining on dangerousness under 3142(e). However, as former Chief Judge Howell cited in *Mullins*, the Court of Appeals adopted reasoning contrary to the approach taken in *Himler* in the *United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999).

Similarly, decisions from this district have adopted *Singleton*'s rationale and several D.C. judges have indicated that they are inclined to follow the opposite holding, frequently citing to *United States v. Holmes*¸ 438 F. Supp. 2d 1340 (S.D. Fla. 2005). *See e.g.* Gov't Ex. 1 at 26.

In *Singleton*, the Court examined the question of whether the crime of felon in possession was a crime of violence so as to trigger subdivision § 3142(f)(1) under the Bail Reform Act at that time. *Id.* at 7. The Court held that analysis should proceed by the categorical approach, and that the elements of felon in possession should be examined to determine whether it is a crime of violence, and thus whether the government was entitled to move for detention under § 3142(f)(1) of the Bail Reform Act. Importantly, the Court distinguished the motion to hold a detention hearing under § 3142(f)(1)(A) from the case-specific 3142(g) factors relevant *during* the detention hearing:

> Case-specific facts are thus relevant at a detention hearing, *see* § 3142(g), but not when considering the government's motion under § 3142(f)(1)(A) to hold such a hearing. The alternative, case-by-case, approach would collapse the distinction between the holding that triggers a detention hearing and the factors relevant at the

hearing, which are enumerated in § 3142(g).

*Singleton*, 182 F.3d at 12. The *Holmes* court applied the D.C. Circuit's reasoning to reach its decision to distinguish § 3142(f) from § 3142(g).

> Furthermore, if the *Singleton* court is correct and the two statutory inquiries are independent of one another-*i.e.,* (1) whether to hold a detention hearing, which is a categorical matter, and (2) whether, as a result of the hearing, evidence shows a defendant should be detained because he poses a serious danger to another person or the community under subsection (g)(4), which is a case-by-case approach-detention should be appropriate here because evaluation of the subsection (g) factors leads a court to that conclusion. Stated another way, since the ultimate detention determination is based on the factors in subsection (g) and is independent of deciding whether a hearing should be held, if those subsection (g) factors militate in favor of detention, especially that a defendant poses an unreasonable risk to any other person or the community under subsection (g)(4), should not a court be allowed to impose that detention? After all, just because an individual fails to come within the categories set forth in subsection (f)(1) does not necessarily exclude that person from being a danger to the community.

*Holmes*, 438 F. Supp. 2d at 1349. As *Holmes* explained, *Himler* and *Ploof*, if followed, would render portions of § 3142(e) meaningless, and "if taken at their word, they prevent judicial officers from fully performing their role under subsection [3142](e)." *Holmes*, 438 F. Supp. 2d at 1350. By this, *Holmes* reasoned that 18 U.S.C. § 3142(e)(1) plainly states,

> If, *after a hearing pursuant to the provisions of subsection (f) of this section*, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

(Emphasis added). Because this paragraph makes no distinction between 3142(f)(1) and (f)(2), "Arguably then, it does not differentiate between these grounds in considering dangerousness. In other words, whichever good faith basis justifies the hearing, if the outcome of the hearing is the

8

conclusion that detention is warranted, it requires that detention be imposed." *Holmes*, 438 F. Supp. 2d at 1350.

Thus, overall, the Court can and must consider the § 3142(g) factors, and in doing so, should detain the defendant pretrial.

Despite the abovementioned recitation, it is nevertheless worth noting that the defendant unlawfully possessed a firearm in the District of Columbia when he was arrested pursuant to the warrant in this case. Should the government bring charges related to the firearm – as it has indicated it will – such charges would, under both federal and local law, provide an alternative basis triggering a detention hearing. *See, e.g.*, 18 U.S.C. § 3142(f)(1)(E) (hold for dangerous weapons) *and* 22 D.C. Code § 1322(b)(1)(A)[4]. Whether the government exercises its pendent jurisdiction, as permitted by law, or seeks firearms-related charges in D.C. Superior Court, there exists a completely alternative basis to seek detention, thus guaranteeing an assessment of the defendant's dangerousness, as is appropriate here.

In this case, however, the defendant is both a danger to the community and a flight risk, and we seek his continued detention.

---

[4] On the latter provision, a hold under the D.C. Code, section 1322(b)(1)(A) would trigger mandatory detention until a detention hearing could be held, during which a magistrate judge could appropriate consider many of the same (g) factors set forth by the federal Bail Reform Act. *See* 22 D.C. § 1322(e).

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:   /s/ *Allison K. Ethen*
        Allison K. Ethen
        MN Bar No. 0395353
        Colin Cloherty
        D.C. Bar No. 1048977
        Assistant United States Attorneys
        601 D Street NW, Fifth Floor
        Washington, D.C. 20530
        E-mail: Allison.ethen@usdoj.gov
        Telephone: (612) 664-5575

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel this 11th day of July 2023.

                                                  /s/Allison K. Ethen
                                                  Allison K. Ethen
                                                  Assistant United States Attorney